UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER SCHNEIDER, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES, Massachusetts corporation and licensed collection agency.<br><br>Defendant. | Case No. C21-1493RSM<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS")'s Motion to Compel Arbitration. Dkt. #16. Plaintiff Peter Schneider opposes. Dkt. #29. Neither party has requested oral argument. For the reasons stated below, the Court GRANTS this Motion and dismisses the case.

## II.  BACKGROUND

This case is about a $110 early termination fee.

Peter Schneider alleges that Defendant CCS sent him a letter on August 17, 2021, attempting to collect a debt related to his Xfinity cable service but listing the creditor as

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 1

"Comcast Cable." Dkt. #13 ("Amended Complaint") at ¶ 4. The Amended Complaint states he called CCS on September 17, 2021, and was told that the debt was for Comcast Cable when it should have been for Xfinity and that it was for "service and fees" when it was in fact an alleged disconnection penalty. *Id.* at ¶ 5. Mr. Schneider denies that he owes a debt based on this penalty. As alleged, CCS provided him with some evidence of a debt owed to Xfinity but not "Comcast Cable," and this (along with other misdeeds from CCS) form the core factual allegations of the Amended Complaint.

Subsequent discovery in this case has revealed that Defendant is relying on a 24-month term contract with "an early termination penalty of $230.00, that is reduced by ten dollars for every month of service." *Id*.

CCS has subsequently provided evidence of an arbitration clause found in the underlying "Xfinity Residential Services Agreement" which applies to "assigns" and "agents" of Comcast. Dkt. #18-3 at 9–10. Arbitration is to occur for any kind of claim based on a tort, statute, or regulation. The arbitration clause includes a right to opt-out within 30-days of the first service activation by following certain procedures. The agreement indicates that the customer agrees by continuing to use Comcast services.

CCS attaches a declaration from a Comcast employee stating that "Comcast provides services to its residential customers under the registered trade name 'Xfinity;' that "there is no separate corporation or limited liability company called 'Xfinity,' and that "Xfinity is simply the registered trade name for Comcast." Dkt. #18.

Comcast's records reflect that Mr. Schneider opened his account for residential services in September 2013 and was a customer until June 2021. *Id*.

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 2

This same declaration states that Mr. Schenider was given "notice" of the Xfinity Residential Services Agreement at issue in May of 2021 and was sent a hard copy of the agreement. *Id*. Comcast has records of who has opted out of arbitration; Mr. Schnieder's name is not in those records. *Id*.

This case was first filed in King County Superior Court in October of 2021. Dkt. #1-3. It was removed to this Court the following month. Dkt. #1.

### III.   DISCUSSION

**A. Legal Standard**

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130). To determine "whether a valid arbitration agreement exists, federal courts 'apply

ordinary state-law principles that govern the formation of contracts.'" *Id*. (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).

Notwithstanding the language of Section 3 of the FAA, a court "may either stay the action or dismiss it outright [if] the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). However, because claims dismissed due to a valid and enforceable arbitration clause are dismissed for failure to state a claim, dismissal without prejudice is appropriate. *See, e.g.*, *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000); *Gadomski v. Wells Fargo Bank N.A.*, 281 F.Supp.3d 1015, 1021 (E.D. Cal. 2018) ("Having decided the Agreement is enforceable and that all Plaintiff's claims are subject to arbitration, the Court is within its discretion to dismiss the complaint under Rule 12(b)(6).").

**B. Analysis**

The Court has reviewed the briefing and evidence submitted by the parties. There appears to be a valid arbitration clause that applies to this dispute. This clause is not unconscionable. The relationship between "Comcast" and "Xfinity" is clear and obvious to the Court from the record submitted by the parties. The Court is convinced from the record that CCS is an assignee or agent of Comcast. Mr. Schneider argues he never saw this clause (or the agreement containing it); CCS attaches a declaration from Comcast saying that it was provided to him. Given the above standards and the nature of this case, the Court finds that the arbitration clause applies to the entirety of this dispute, that Mr. Schneider should be compelled into arbitration, and that this case is properly dismissed without prejudice.

The Court finds that CCS did not waive its right to pursue arbitration by removing this case or delaying in bringing the instant Motion. It is Plaintiff, not Defendant, who originally

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 4

filed this lawsuit. The Court is convinced that CCS was not provided with evidence of the arbitration clause until a few months before filing the instant Motion, at which point it sent an arbitration demand letter to Mr. Schneider.

Mr. Schneider's other arguments about the Xfinity Residential Service Agreement's terms are irrelevant to this Motion because the invalidity of other terms do not affect the arbitration clause (due to severability) and because any question as to when Mr. Schneider could opt out of arbitration is resolved by the fact that he did not at any time attempt to opt out through the available procedures.

### IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS")'s Motion to Compel Arbitration Dkt. #16, is GRANTED as stated above. This case is DISMISSED without prejudice. All pending Motions are TERMINATED.

DATED this 19th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE